**James D. KUNDE, Plaintiff,**

v.

**TUFCO, L.P., Defendant.**

No. 97–C–673.

United States District Court,
E.D. Wisconsin.

June 10, 1998.

Terry J. Gerbers, Gerbers Law Offices, Green Bay, WI, for Plaintiff.

Joseph M. Nicks, Godfrey & Kahn, Green Bay, WI, for Defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

On June 13, 1997, the plaintiff, James Kunde, commenced this action alleging a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., ["ADEA"]. Presently before the court is the defendant's motion for summary judgment under Rule 56(c), Federal Rules of Civil Procedure, which seeks dismissal of the plaintiff's action in its entirety. The motion will be denied.

### I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted when there are no genuine issues of material facts and the movant is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. In order to succeed on a motion for summary judgment, the movant must show the following: (1) no genuine issue of material fact exists; and (2) its entitlement to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Only "genuine" issues of "material" fact will defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

As defined by the United States Supreme Court, "material" facts are those facts which, under the governing substantive law, "might affect the outcome of the suit." Id., at 248, 106 S.Ct. 2505. A dispute over such facts is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial.'" Id. (citing First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). If the evidence presented by the opposing party is "merely colorable," or is not "significantly probative," summary judgment may be granted. Id. at 249–250, 106 S.Ct. 2505.

### II. UNDISPUTED FACTS

As required under Local Rule 6.05(a), the defendant included with its motion for summary judgment proposed findings of fact which it believed constituted the factual propositions upon which there is no genuine issue of material fact. It also included references to affidavits and other evidentiary materials tending to support the proposed facts.

Mr. Kunde responded by contesting many of the factual propositions offered by the defendant. Local Rule 6.01(b)(1). When considering a motion for summary judgment, the court will conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no proper response is set out. *Stewart v. McGinnis,* 5 F.3d 1031, 1034 (7th Cir.1993), *cert. denied,* 510 U.S. 1121, 114 S.Ct. 1075, 127 L.Ed.2d 393, (1994); *National Acceptance Co. of America v. Regal Products, Inc.,* 838 F.Supp. 1315, 1317 (E.D.Wis.1993); Local Rule 6.05(d).

The following are the facts asserted by the defendant. The defendant, Tufco, L.P., is a Delaware limited partnership which is the successor in interest to Tufco Industries, Inc., which was a Wisconsin corporation with its principal offices located in Green Bay, Wisconsin. (Tufco Proposed Findings ["Tufco P.F."], ¶ 2.) At the time of the reduction in force, the plaintiff was employed by Tufco Industries, Inc. (Schilling Aff., ¶ 2.) The court will refer to the defendant and its corporate predecessor jointly as "Tufco." The plaintiff was employed by Tufco from 1982 until August 10, 1995. (Tufco P.F. ¶ 5.) The plaintiff's employment with Tufco was terminated on or about August 10, 1995, as a result of a reduction in force. At the time of his termination, Mr. Kunde was 56 years old. (Tufco P.F. ¶ 6.)

During plaintiff's employment with Tufco, the company was involved in the paper converting business in Green Bay. (Tufco P.F. ¶ 7.) Tufco's paper products were prepared for use primarily by the party goods industry. (Tufco P.F. ¶ 7.) The plaintiff was employed as a maintenance employee for Tufco under the supervision of Michael Borzick. (Tufco P.F. ¶ 8.) As a result of disappointing financial returns for several years, Tufco decided in 1995 to reduce employment by approximately 10 percent. Thus, the company's employment base of 208 employees was reduced to 190. (Tufco P.F. ¶ 9.) In addition to the reduction in its work force, Tufco decided to restructure the jobs which remained. (Tufco P.F. ¶ 10.) This restructuring had the greatest impact on the maintenance department. (Tufco P.F. ¶ 10; Schilling Aff. ¶ 6.) Prior to the restructuring, the maintenance department had a staff of 17 employees. (Id.) After the restructur-

ing, the maintenance department had a staff of 6 employees, including a supervisor. (Id.)

A committee of supervisors and managers was assigned by Tufco to make recommendations regarding employees to be discharged and retained in connection with the reduction in force and reorganization. (Tufco P.F. ¶ 11.) Of the 18 employees who were discharged as a result of the reduction in force and reorganization, ten were older than 40 and eight were younger than 40. (Tufco P.F. 15.) Of the 16 non-supervisory employees in the maintenance department, nine employees, including the plaintiff, were discharged, including five employees who were older than 40 and 4 employees who were younger than 40. (Tufco P.F. ¶ 16.) Five non-supervisory employees were retained in the maintenance department. (Tufco P.F. ¶ 17.) Four of these employees were older than 40 and one was younger than 40.(Id.) Michael Borzick was retained as the maintenance supervisor. (Tufco P.F. ¶ 18.) At the time of the reduction in force, Mr. Borzick was older that 40.(Id.)

The defendants offer five reasons as to why the plaintiff was not retained as an employee following the reduction in force:

A. Because of other employment, the Plaintiff was only willing to work on second shift (3:00 p.m. to 11:00 p.m.) and therefore did not have sufficient schedule flexibility to work in the restructured maintenance department (Borzick Aff., ¶ A).

B. The Plaintiff has shown very little initiative in his work and had received a written warning on April 7, 1994 for lack of work efficiency (Borzick Aff., ¶ 8B, Ex. A).

C. The Plaintiff was not willing and/or able to accomplish large projects on his own (Borzick Aff., ¶ 8C).

D. The Plaintiff's communications with co-employees was very poor (Borzick Aff., ¶ 8D).

E. The Plaintiff did not respond well to supervision by Mr. Borzick (Borzick Aff., ¶ 8E).

(Tufco P.F. 20.¶ )

### III. ANALYSIS

There are two ways that a plaintiff like Mr. Kunde claiming age discrimination in

employment can overcome an employer's motion for summary judgment. The first is "by putting in enough evidence (whether direct or circumstantial) to raise a genuine issue concerning the employer's motivation in carrying out the challenged employment action." *Hartley v. Wisconsin Bell, Inc.*, 124 F.3d 887, 889 (7th Cir.1997) (citing *Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994)). "The second is the so-called *McDonnell Douglas* method, the frequently used burden-shifting framework first set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668, ... (1973)." *Id.* Although the United States Supreme Court has never actually held that the *McDonnell Douglas* scheme applies in the ADEA context, the court of appeals for the seventh circuit has concluded that using the burden-shifting approach in a typical ADEA case makes sense. *Id.*

Mr. Kunde does not argue in his brief in opposition to the defendant's motion for summary judgment that there is any direct evidence of age discrimination. Thus, it appears that he relies primarily on the burden-shifting method to prove his claim for age discrimination. Under this standard, Mr. Kunde first has the burden of establishing a prima facie case of age discrimination by showing all of the following: (1) he was in the protected age group of 40 or older; (2) he was performing his job satisfactorily or was qualified for the job for which he applied; (3) he was discharged, not hired, not promoted, etc.; and (4) younger employees were treated more favorably. *Id.* at 890; *Taylor v. Canteen Corp.*, 69 F.3d 773, 779 (7th Cir.1995). If the plaintiff establishes a prima facie case, there is a rebuttable presumption of age discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

After a prima facie case has been established, the burden of production then shifts to the employer to articulate a legitimate non-discriminatory reason for discharging the plaintiff; if the employer meets its burden of production, the burden shifts back to the plaintiff to show that the employer's proffered explanation is merely a pretext for age discrimination. *Taylor*, 69 F.3d at 780. However, at all times, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against him because of his age remains with the plaintiff. *Id.*, (citing *St. Mary's Honor Ctr.*, 509 U.S. at 507).

Tufco argues that the plaintiff is unable to establish a prima facie case of age discrimination. Nevertheless, Tufco asserts that, for purposes of its motion for summary judgment, it is not necessary to determine whether the plaintiff can establish a prima facie case because he is unable to meet his burden of showing that Tufco's explanations for terminating him are merely a pretext for discrimination.

Tufco points to the following reasons as a basis for Mr. Kunde's termination: (1) he did not have sufficient schedule flexibility to work in the restructured maintenance department because he had a second job and was only willing to work on second shift (3:00 p.m. to 11:00 p.m.); (2) he had shown very little initiative in his work and had received a written warning on April 7, 1994, for lack of work efficiency; (3) he was not willing and/or able to accomplish large projects on his own; (4) his communications with co-employees was very poor; and (5) he did not respond well to supervision by Mr. Borzick. Tufco has articulated several legitimate, non-discriminatory reasons for not retaining Mr. Kunde and has submitted evidence to support such reasons. Thus, Mr. Kunde can defeat Tufco's motion for summary judgment by raising a factual dispute as to whether the defendant's reasons are pretextual. *Hartley*, 124 F.3d at 890. "Plaintiffs lose if the company honestly believed in the nondiscriminatory reasons it offered, even if the reasons are foolish or trivial or even baseless." *Id.* (citing *McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 373 (7th Cir.1992)). *See also Russell v. Acme–Evans Co.*, 51 F.3d 64, 68 (7th Cir.1995) (to find that the company's reasons are pretextual "is to say that the company is lying when it proffers [a] reason for [the challenged action]; the true reason was different."). Moreover, where, as here, several legitimate reasons for the plaintiff's separation from the company have been ar-

ticulated and supported by evidence, the plaintiff must demonstrate that there is an issue of fact concerning the validity of such reasons in order to defeat summary judgment. *Id.* at 69. For purposes of this summary judgment motion, I find that Mr. Kunde has met his burden.

██ In an effort to create a genuine issue of material fact as to whether all of the claims articulated by Tufco are pretextual, Mr. Kunde charges, in general, that Tufco's reasons should not be believed because his discharge was "predetermined." As evidence of this, he points to the fact that the plant supervisor, Randy Zurbuchen, came to the supervisor's meeting with a preliminary list of employees who should not be retained. Mr. Borzick's deposition testimony confirmed that such a list did exist and that Mr. Kunde's name appeared on the list. (Gerbers Aff., Ex. A., Borzick Dep. at 12–13.) He has also testified that, in some cases, the committee of supervisors and managers was not allowed to vary off the list. (Id.)

In my opinion, the fact that Mr. Kunde's name appeared on a predetermined list of employees who were to be terminated in connection with the reduction in force casts a cloud on the validity of the reasons Tufco articulated for not retaining Mr. Kunde. Such evidence may arguably be construed to suggest that the challenged employment decision was made by Tufco on grounds other than those pointed to by Tufco. This is especially so because there is no evidence in the record demonstrating which, if any, factors were relied on by Mr. Zurbuchen in generating the list.

In addition, Mr. Kunde has successfully raised genuine issues of material fact as to the individual reasons advanced by Tufco for its employment decision. With respect to the first reason proffered by Tufco for discharging Mr. Kunde—his inflexible work schedule—Mr. Kunde asserts that Tufco never asked him to modify his hours with his second employer, and had it done so, he could have worked all of the various shifts. In terms of the Supreme Court's ruling in *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505, this is not a mere denial, but rather, it is an allegation by the plaintiff of a specific fact. I find that this evidence sufficiently calls into question the veracity of Tufco's assertion

that it did not retain Mr. Kunde because he was unable to work all of the shifts.

Another explanation articulated by Tufco for Mr. Kunde's separation is the company's belief that the plaintiff did not have the initiative and ability to handle large projects on his own. As a basis for this belief, Tufco points to the affidavit of Mr. Borzick in which he states that after assigning Mr. Kunde to rebuild a "rewinder" it was necessary for Mr. Borzick to reassign the work to someone else because the plaintiff never started on the project. (Borzick Aff. ¶ 8C.) In response, Mr. Kunde contends that he was awarded a dinner at a supper club for working 18 hours on a Sunday on a large project known as the "bull gear on letter press # 1." (Kunde Aff. ¶ 19.) This evidence suggests that, contrary to Tufco's assertion, Mr. Kunde had successfully worked on large projects while employed at Tufco and had been recognized by the company for his efforts. Thus, I believe the plaintiff has created some doubt has to whether Tufco truly believed that he could not handle large projects on his own.

Tufco also contends it did not retain Mr. Kunde because his communications with co-employees were very poor. Mr. Kunde counters that he always "briefed and left notes" for the third shift mechanics prior to the end of his own shift. (Kunde Aff. ¶ 20.) In addition, he maintains that he generally was the only mechanic on a particular shift and, as such, he was not required to communicate with other members of the maintenance department. In my opinion, this evidence, if true, squarely challenges the defendant's claim that Mr. Kunde did not communicate well with co-employees.

A further reason articulated by Tufco for not retaining Mr. Kunde is that he did not respond well to supervision by Mr. Borzick who would have been his supervisor if he was retained in the maintenance department. The validity of this explanation is called into question as a result of Mr. Kunde's assertion that Mr. Borzick did not actually supervise him because the two worked on different shifts. (Kunde Aff. ¶ 21.)

Tufco argues that Mr. Kunde had shown little initiative at work and had received a written warning regarding his lack of effi-

ciency. Mr. Kunde does not dispute the fact that he received a written warning about his lack of work efficiency. However, he attempts to raise an issue as to the pretextual nature of this reason by offering his own self-serving evaluations of his skills, abilities, and productivity. Such "evidence" is not sufficient to cast doubt on the defendant's motivations. *Id.* ("Evidence required to contradict the employer's evidence is rarely within the competence of the plaintiff to give . . . ."); *Gustovich v. AT & T Communications, Inc.,* 972 F.2d 845, 848 (7th Cir.1992)("An employee's self-serving statements about his ability . . . are insufficient to contradict an employer's negative assessment of that ability . . . .") (citations omitted). Nevertheless, there is an element of merit to Mr. Kunde's argument that a single episode of a written warning in 13 years of work is not compelling proof of inefficiency. In my opinion, Mr. Kunde's effort to create a genuine issue of material fact as to the honesty of this particular reason does not entitle Tufco to summary judgment.

Mr. Kunde has persuaded the court that there are genuine issues of material fact as to whether the reasons offered by the defendant for his termination by the company may have been pretextual. The defendant is not entitled to summary judgment as to Mr. Kunde's ADEA claim.

Therefore, IT IS ORDERED that Tufco's motion for summary judgment be and hereby is denied, with costs.